UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LARRY EUGENE LATHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:14-cv-607-SEB-DML |
| | ) | |
| WILLIAM WOLFE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**Entry Granting Rose Vaisvilas' Motion for Summary Judgment
and Directing the Entry of Final Judgment**

Plaintiff Larry Latham, a former inmate of the Pendleton Correctional Facility ("Pendleton"), brings this action pursuant to 42 U.S.C. § 1983 alleging that the defendants were deliberately indifferent to his serious medical need for treatment of chest pain in violation of his Eighth Amendment rights. Defendant Rose Vaisvilas moves for summary judgment.[1]

**I. Summary Judgment Standard**

Summary judgment shall be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. *SMS Demag Aktiengesellschaft v. Material Scis. Corp.*, 565 F.3d 365, 368 (7th Cir. 2009). All inferences drawn from the facts must be

---

[1] During the pendency of this action, Ms. Vaisvilas passed away. Counsel filed a notice of suggestion of death pursuant to Rule 25(a)(1) of the *Federal Rules of Civil Procedure* on January 6, 2015 and filed the present motion for summary judgment on February 26, 2015. Mr. Latham never properly sought substitution of a successor for Ms. Vaisvilas, but requests in his response to the motion for summary judgment to substitute Medical Contract Monitor Mike Smith for Ms. Vaisvilas. But Mr. Latham seeks to substitute Mr. Smith only because of his involvement in the acts at issue, which are discussed more fully below. Mr. Latham does not allege and has not shown that Mr. Smith would adequately represent Ms. Vaisvilas's interests in this action. If Mr. Latham wishes to bring a claim against Mr. Smith, such claim would more properly be brought through an Amended Complaint or a separate lawsuit. Mr. Latham's request to substitute Mr. Smith is therefore **denied**.

construed in favor of the non-movant. *Moore v. Vital Prods., Inc.,* 641 F.3d 253, 256 (7th Cir. 2011). To survive summary judgment, the "nonmovant must show through specific evidence that a triable issue of fact remains on issues on which he bears the burden of proof at trial." *Warsco v. Preferred Technical Grp.,* 258 F.3d 557, 563 (7th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). If the evidence on record could not lead a reasonable jury to find for the non-movant, then no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *See McClendon v. Ind. Sugars, Inc.*, 108 F.3d 789, 796 (7th Cir. 1997). At the summary judgment stage, the court may not resolve issues of fact; disputed material facts must be left for resolution at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

## II. Undisputed Facts

The following statement of facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Mr. Latham as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

Defendant Rose Vaisvilas was the Director of Health Services with the Indiana Department of Correction ("IDOC"). Ms. Vaisvilas was not a medical doctor. As Director of Health Services, Ms. Vaisvilas delegated the authority to respond to offender grievances regarding medical care to Mike Smith, Medical Contract Monitor for IDOC.[2] Mr. Smith's responsibilities as Medical Contract Monitor at IDOC include: (1) monitoring the Corizon contract; (2) processing offender

---

[2] Mr. Latham objects to this fact arguing that in her initial answer to the complaint, Ms. Vaisvilas admitted that she was the person who responded to his grievances. But Ms. Vaisvilas filed an amended answer, filed on February 6, 2015, stating that she delegated the authority to respond to grievances and Mr. Smith's affidavit submitted in support of the motion for summary judgment corroborates this fact. This is sufficient evidence to support the statement that Ms. Vaisvilas delegated this authority. While Mr. Latham challenges this evidence, he provides no evidence to dispute it.

grievances; and (3) handling offender correspondence. As part of his employment, Mr. Smith has worked with and become familiar with the medical records of offenders confined by IDOC. He has seen those records generated and consulted, and has generated and consulted those records himself. Offender medical documents are routinely produced from statements made by offenders and observations made by medical personnel, which are recorded promptly and later used for purposes of diagnosis and treatment. Offender medical records are maintained by IDOC according to the name of each offender and the number assigned to him. In the normal practice, Mr. Smith does not communicate with or consult with Ms. Vaisvilas regarding a particular response prior to responding to a grievance appeal.

Mr. Latham filed a grievance appeal (grievance #79854), on January 2, 2014. In the grievance appeal, he asserted that he was not receiving adequate treatment for his condition and requested to see a heart specialist. Ms. Vaisvilas delegated the authority to Mr. Smith to respond to this grievance. She did not make the decision to deny Mr. Latham's grievance appeal. Mr. Smith would not have communicated with or consulted with Ms. Vaisvilas regarding a particular response prior to responding to grievance appeal #79854.

Mr. Latham filed another grievance appeal (grievance log #81025), on March 18, 2014. The grievance appeal asserted that the prescription drug Ranexa® was prescribed to him by a cardiologist and was to be taken with isosorbide mononitrate, but that medical staff denied Mr. Latham's prescription for Ranexa®. Ms Vaisvilas delegated the authority to Mr. Smith to respond Mr. Latham's grievance regarding his request to receive the prescription drug Ranexa®. She did not make the decision to deny Mr. Latham's grievance appeal for grievance #81025. Mr. Smith would not have communicated with or consulted with Ms. Vaisvilas regarding a particular response prior to responding to grievance appeal #81025.

3

Mr. Latham's medical records show that a non-formulary request for the prescription drug Ranexa® was submitted by Dr. Michael Person on January 3, 2014, and was deferred for an alternative treatment plan where 60 mg extended release isosorbide mononitrate was given in its place. Ms. Vaisvilas would not have made the decision to defer Mr. Latham's recommended prescription for Ranexa® for the alternative treatment of 60 mg extended release isosorbide mononitrate. At the time Mr. Latham was prescribed Ranexa®, the procedure in place to submit a request for a non-formulary prescription drug was as follows: Initially, the clinician at the facility would complete a Formulary Exception Request ("FER") and submit it electronically to the Regional Medical Director for Corizon Health. The Regional Medical Director for Corizon Health would decide whether to approve the request or defer the request for an alternative treatment plan. Ms. Vaisvilas would not have been contacted or consulted regarding the decision to defer Mr. Latham's recommended prescription for Ranexa® for an alternative treatment plan. Dr. Michael Mitcheff recommended continuing isosorbide instead of adding Ranexa®. Both Ranexa® and isosorbide mononitrate are used to treat angina and coronary artery disease.

Mr. Mike Smith has never examined, treated, or diagnosed Mr. Latham. Mr. Smith does not prescribe or distribute medications to offenders. There are medical staff members on site at the facilities whose responsibility it is to provide direct care to the offenders. Mr. Smith is not authorized to change any prescription or alter any drug regimen prescribed by a treating physician in the IDOC or prescribed by a treating Corizon Health physician.

### III. Discussion

Ms. Vaisvilas moves for summary judgment arguing that she was not deliberately indifferent to Mr. Latham's serious medical needs because she was not personally involved in his treatment or in responding to his grievances. A supervising prison official cannot incur § 1983 liability unless that officer is shown to be personally responsible for a deprivation of a constitutional right. *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996); *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009)("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . .")(citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)). Liability can be based only on a finding that conduct causing a constitutional deprivation occurred at the defendant's direction or with his or her knowledge and consent. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Here, it is undisputed that the authority to respond to grievances regarding medical care was delegated by Ms. Vaisvilas to other IDOC staff. She did not respond to Mr. Latham's grievances and she was not responsible for deferring his recommended prescription for Ranexa®. Instead, Dr. Mitcheff recommended isosorbide mononitrate as an alternative treatment plan to Ranexa®. Ms. Vaisvilas was therefore not personally involved in the decision not to treat Mr. Latham with Ranexa®.     Ms. Vaisvilas also argues that any claim against her in her official capacity is barred. Any claim for damages against Ms. Vaisvilas in her official capacity as an employee of the Indiana Department of Correction, which is a state agency, is "in all respects other than name, to be treated as a suit against the entity . . . for the real party in interest is the entity." *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Any claim against Ms. Vaisvilas in her official capacity is **dismissed** as legally insufficient because (1) the State of Indiana is not a "person" subject to suit pursuant to that statute, and (2) the State cannot be sued in federal court under the circumstances presented here because of

Indiana's Eleventh Amendment immunity. *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003); *Billman v. Indiana Dept. of Corrections,* 56 F.3d 785, 788 (7th Cir. 1995).

### IV. Conclusion

For the foregoing reasons, Ms. Vaisvilas' motion for summary judgment [dkt 61] is **granted.** Judgment consistent with this Entry and the Entry of June 16, 2015, granting the motion for summary judgment filed by defendants Dr. Wolfe and Dr. Mitcheff shall now issue.

**IT IS SO ORDERED.**

Date:     08/25/2015

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Larry Eugene Latham
971361
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

All electronically registered counsel

6